IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETREUS LOGAN, | ) | CASE NO. 1:10 CV 965 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELE MILLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] is the *pro se* petition of Demetreus Logan for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Logan is currently incarcerated by the State of Ohio at the Belmont Correctional Institute.[3] He is serving a six-year aggregate sentence imposed in 2008 by the Cuyhoga County Court of Common Pleas after Logan pled guilty to one count of failure to comply with an order or signal of a police officer, one count of drug trafficking, and one count of possession of criminal tools.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by non-document order of May 13, 2010.

[2] ECF # 1.

[3] *Id*. at 1.

[4] ECF # 8, Attachment (state court record) at 6 (journal entry of guilty plea). In his petition, Logan incorrectly states that in addition to these charges he also pled guilty to drug possession. ECF # 1 at 1. In fact, as the journal entry in the record shows, the drug possession charge, *see,* ECF # 8 at 2 (count four of the indictment), was nolled at the time the guilty pleas to the above charges were entered.

In his petition for federal habeas relief, Logan raises the single claim that he was denied due process by receiving a consecutive maximum sentence.[5] The State maintains that this ground is procedurally defaulted for lack of fair presentment in Ohio courts as a federal constitutional matter.[6] As will be more fully developed below, I will recommend that the State's argument as to procedural default be found well-taken, that Logan has not established cause to excuse the default, and that the petition, therefore, should be dismissed.

## Facts

### A.  Offense, plea, and sentence

The charges in this matter result from a high-speed police chase on Cleveland freeways during the evening rush-hour of August 17, 2007.[7] As testimony established during the sentencing hearing, the pursuit began in the neighborhood of East 40th and Woodland, extended through several cities, and reached speeds of over 100 miles per hour.[8] The chase ended only after police partially disabled Logan's vehicle.[9] At that point, officers from eight

---

[5] ECF # 1 at 5. I note also that in his brief in support (ECF # 7) Logan appears to state a second ground for habeas relief. *See*, ECF # 7 at 11-12. As will be discussed later, this ground appears to be an argument as to cause for a procedural default, not a second claim. it will be addressed below under the discussion of procedural default.

[6] ECF # 8 at 7-11.

[7] *See*, ECF # 8, Attachment at 19.

[8] *Id.* at 45.

[9] *Id.*

different police departments surrounded the car and make an arrest.[10] A search of Logan's vehicle following his arrest revealed, among other things, large amounts of drugs, weighing scales, and plastic baggies.[11]

Logan was then indicted on six counts[12] and initially pled not guilty to all charges.[13] As noted above, Logan then changed his plea to guilty as to three charges, the remaining three charges were nolled, and the trial court accepted the plea.[14] Following a hearing, Logan, on January 29, 2008, was sentenced to serve five years in prison on his conviction for failure to comply with the order or signal of a police officer, and prison terms of one year for the drug trafficking and criminal tools convictions.[15] The trial judge ordered Logan's five-year prison term to be served consecutively to the one-year terms, with both one-year terms to be served concurrently, resulting in an aggregate sentence of six years in prison.[16]

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 1-4.

[13] *Id.* at 5.

[14] *Id.* at 6.

[15] *Id.* at 7.

[16] *Id.*

**B.	Direct appeal**

*1.	The state appeals court*

Logan, *pro se*, thereupon filed a notice of appeal.[17] In his brief,[18] Logan, now represented by appointed counsel, raised the following assignment of error:

> The trial court erred in sentencing Logan to the maximum term after considering improper matters and without any consideration of R.C. 2929.11.[19]

The State filed a brief opposing Logan's assignment of error,[20] and the Ohio appeals court then affirmed the decision of the trial court.[21]

In particular, the appeals court initially stated that since the Ohio Supreme Court's decision in *State v. Foster*,[22] a sentencing court is not required to make any factual findings before imposing a sentence within the statutory range.[23] Thus, the appellate opinion concluded, the factors enunciated in Revised Code § 2929.11 are merely an "overarching guideline" for trial judges to consider within the exercise of their discretion in fashioning a

---

[17] *Id*. at 9-10.

[18] *Id*. at 27-38.

[19] *Id*. at 30.

[20] *Id*. at 39-49.

[21] *Id*. at 50-57.

[22] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[23] ECF # 8, Attachment at 53-54.

sentence.[24] Next, the appeals court found that no abuse of discretion had occurred in imposing the sentence arrived at within the statutory limits.[25]

In sum, the appeals court determined that the trial judge in Logan's case appropriately followed the two-step, post-*Foster* process set forth by the Ohio Supreme Court in *State v. Kalish* by: (1) expressly considering the "guideline" factors of Revised Code § 2929.11 before arriving at a sentence within the statutory limits, and (2) then imposing that sentence without any abuse of discretion.[26]

In addition to the above-analysis, the Ohio appeals court noted that Logan had argued that the trial judge failed to consider the issue of consistency and proportionality in his sentence in relation to those imposed on similar offenders.[27] In that regard, the court observed that Ohio law places the burden on a defendant to advance that argument to the trial judge with some evidence of disproportionality, so as to provide a starting point for any analysis and to preserve the matter for appeal.[28] Since Logan did not raise this issue to the trial judge, the appeals court found that the matter had not been preserved for appeal and so declined to address it.[29]

---

[24] *Id.* at 53-55, quoting *State v. Kalish*, 120 Ohio St. 3d 23, 26, 896 N.E.2d 124, 128 (2008).

[25] *Id.* at 55-56.

[26] *Id.* at 54-56 (citing *Kalish*, 120 Ohio St. 3d at 27, 896 N.E.2d at 129).

[27] *Id*. at 56.

[28] *Id*. (citation omitted).

[29] *Id*.

*2.*     *The Supreme Court of Ohio*

Logan, *pro se*, filed a notice of appeal with the Supreme Court of Ohio.[30] In the memorandum in support of jurisdiction, Logan raised the following propositions of law:

1. Whether the trial court erred in sentencing Appellant to the maximum sentence after considering improper matters and without consideration of R.C. § 2929.11.[31]

2. The Appellant was denied his right to due process and effective assistance of counsel.[32]

The State waived the filing of a responsive memorandum.[33] On August 26, 2009, the Ohio Supreme Court denied leave to appeal, dismissing the case as not involving a substantial constitutional question.[34]

**C.     Federal habeas petition**

On April 26, 2010, this Court received the present petition for federal habeas relief.[35] In that petition, Logan, *pro se*, raises a single ground for relief:

The Trial Court erred in imposing the maximum sentence for failur (sic) to comply. The Trial Court failed to consider the facts and imposed a disporportionate (sic) sentence.[36]

---

[30] *Id*. at 58-59.

[31] *Id*. at 61.

[32] *Id*.

[33] *See*, ECF # 8 at 4.

[34] ECF # 8, Attachment at 80.

[35] ECF # 1.

[36] *Id*. at 5.

As noted, the State, in response, asserts that this ground for relief is procedurally defaulted for lack of fair presentment to the Ohio courts as a federal constitutional matter.[37] The State observes that Logan presented the issue as exclusively involving an alleged failure to apply the factors of the state sentencing statute, Revised Code § 2929.11.[38]

In that regard, using the criteria set forth by the Sixth Circuit in *Blackmon v. Booker*[39] for determining whether a federal constitutional argument was fairly presented to state courts, the State argues that Logan's appellate brief: (1) failed to phrase his claim in terms of pertinent constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; (2) failed to cite any federal cases employing constitutional analysis; (3) failed to rely on state cases employing relevant constitutional analysis; and (4) failed to allege facts well within the mainstream of pertinent constitutional law.[40]

Furthermore, the State observes that the Ohio appellate opinion itself confirms that Logan's claim was articulated as purely a matter of state law.[41] The State notes that the appeals court decision states that Logan "claim[ed] the trial court failed to consider R.C. 2929.11 and imposed a disproportionate sentence."[42]

---

[37] ECF # 8 at 7.

[38] *Id*.

[39] *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

[40] ECF # 8 at 7, citing *Blackmon*, 394 F.3d at 400.

[41] *Id.*

[42] *Id*. at 8, quoting state appellate opinion.

Logan did not file a traverse in response to the fair presentment argument raised in the return of the writ. However, as noted, Logan, subsequent to filing the petition, filed a separate brief in support.[43]

In that brief, he initially appears to try to restate his ground for relief, but uses different language from that used in the petition.[44] Specifically, he adds the additional phrase "U.S.C. V. & XIV amendment rights to due process and equal protection."[45]

Then, Logan seems to add an additional ground without acknowledging that he is doing so. This ground is actually taken *verbatim* from Logan's *pro se* brief to the Ohio Supreme Court.[46]

In particular, the caption to the new claim makes reference to an alleged improper comment by a prosecutor during closing argument about the defendant's failure to testify.[47] In this case concluded by a guilty plea, as noted above, there was no trial, no testimony at all by anyone, and thus no closing argument of any kind.[48] Plainly, in addition to this ground

---

[43] ECF # 7.

[44] *Id*. at 6.

[45] *Id*.

[46] *Compare*, ECF # 7 at 11-12 (habeas brief in support) to ECF # 8, Attachment at 69-70.

[47] *Id*. at 11. "The state prosecutor committed misconduct when she commented, in closing argument, on the defendant's failure to testify, which is his right afforded to him by the U.S.C. V. Amendment."

[48] *Id*. at 11.

caption not being part of Logan's petition as filed, it appears to relate to a wholly different case.

In the argument following the purported second ground for relief, Logan in both his brief in support here and in his brief to the Ohio Supreme Court actually appears to argue that the cause for his procedural default is the ineffective assistance of his appellate counsel in not raising an issue on appeal trial counsel's failure to object to his sentence at the time sentence was imposed.[49]

## Analysis

### A.     Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.  There is no dispute that Logan is currently in state custody as a result of his conviction and sentence by an Ohio court and was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[50]

2.  There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[51]

---

[49] *Id*. at 11-12.

[50] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[51] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3.  In addition, Logan states,[52] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[53]

4.  Moreover, it appears, subject to the argument presented by the State, that the claims here have been totally exhausted in Ohio courts by virtue of having been presented through one full round of the state's established appellate review procedure.[54]

5.  Finally, Logan has not requested the appointment of counsel,[55] nor has he has requested an evidentiary hearing to develop the factual basis of claims.[56]

**B.    Standard of review – fair presentment/procedural default**

Under the statute, state prisoners must first exhaust their available state court remedies before seeking federal habeas relief by fairly presenting all their claims to the state courts through one full round of the state's established review procedure.[57] Both the factual and legal basis for the federal claim must have been presented to the state courts,[58] such that the same claim under the same theory is advanced to both the state and federal courts.[59]

---

[52] ECF # 1 at 7.

[53] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[54] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[55] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[56] *See*, ECF # 11 at 2; 28 U.S.C. § 2254(e)(2).

[57] *O'Sulllivan*, 526 U.S. at 842; *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007).

[58] *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

[59] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

The Sixth Circuit has identified four means by which a petitioner may be said to have fairly presented federal constitutional claims to a state court: (1) reliance upon federal cases employing constitutional analysis; (2) reliance on state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.[60]

General allegations of the denial of rights to a "fair trial" or "due process" do not fairly present claims that specific federal constitutional rights were violated.[61] As the Sixth Circuit has stated: "To escape procedural default, [such claims] must of themselves be fairly presented, rather than functioning as catchall language within the presentation of other non-constitutional arguments."[62]

If state remedies are still available for claims that were not fairly presented to state courts, exhaustion is not complete, and the state courts should be afforded an opportunity to address the claims.[63] If, however, there are no state remedies available for the petitioner to pursue, the non-fairly presented claims cannot be dismissed for lack of exhaustion[64] but may

---

[60] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also*, *Blackmon*, 394 F.3d at 400.

[61] *Fulcher*, 444 F.3d at 798; *Blackmon*, 394 F.3d at 400 (citing *McMeans*, 228 F.3d at 681).

[62] *Blackmon*, 394 F.3d at 401.

[63] *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982);

[64] *Gray v. Netherland*, 518 U.S. 152, 161 (1996).

-11-

be liable to dismissal as procedurally defaulted, absent a showing of cause and prejudice to excuse the failure to present these claims in state court.[65]

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a federal claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to fairly present it or to raise it when state remedies were still available, or because of some other violation of a state procedural rule.[66]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1) Does a state procedural rule exist that applies to the petitioner's claim?

(2) Did the petitioner fail to comply with that rule?

(3) Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4) Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[67]

---

[65] *Gray*, 518 U.S. at 162; *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002).

[66] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[67] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[68]

If a procedural default is established, the default may be overcome if the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation.[69] In addition, procedural default may also be excused by a showing of actual innocence.[70]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[71] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[72] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[73]

In Ohio, subject to limited exceptions, the doctrine of *res judicata* precludes a defendant from raising an issue in post-conviction proceedings that was fully litigated, or

---

[68] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[69] *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[70] *Id.*

[71] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[72] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[73] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

could have been fully litigated, at trial or on direct appeal while the defendant was represented by counsel.[74] Ohio's reliance on *res judicata* to preclude consideration of a post-conviction claim that should have been, but was not, raised on direct appeal constitutes an adequate and independent state law basis to bar federal habeas review of such procedurally defaulted claims.[75]

**C.  Application of standard – Logan's petition should be dismissed as procedurally defaulted because he did not fairly present his claim to Ohio courts as a federal constitutional matter.**

*1.  Claimed ground two – which did not appear in the original petition – should be dealt with as a cause and prejudice argument to excuse a presumed procedural default of an element of the claim in ground one.*

Before considering the State's argument that Logan's claim in ground one is procedurally defaulted because it was not fairly presented, I address the apparent presentation of a second ground for relief in Logan's brief in support of this petition.

To begin, it is important to note that Logan's claim here has two aspects: (1) that the trial court failed to consider various statutory factors required before imposing a maximum sentence; and (2) that the sentence was disproportionate to that given others. The state appeals court, as to the first element, found that the various factors were addressed, and as to the second aspect, concluded that it could not reach this issue because trial counsel had not raised the issue of proportionality in the trial court.

---

[74] *State v. Perry*, 10 Ohio St. 2d 175, 176, 226 N.E.2d 104, 105-06 (1967) (syllabus at ¶¶ 7, 9).

[75] *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007).

-14-

In this forum, the State argues that both aspects of Logan's claim for relief are procedurally defaulted as having been asserted to Ohio courts as purely issues of state law.

With this background, Logan, in his later-submitted brief in support of the petition, seems to list a second ground for relief, copied *verbatim* from his brief to the Ohio Supreme Court, purportedly based in improper statements in closing argument concerning "the defendant's failure to testify."[76]

I observe initially that this captioned claim is inapposite to this case. There was no trial in this matter. No witnesses testified, Logan pleaded guilty and there was no closing argument. Thus, the claim as stated in the caption bears no relationship to this case.

However, an examination of the argument presented under the caption[77] discloses that Logan, in reality, is asserting that ineffective assistance of appellate counsel – specifically, counsel's failure on appeal to raise the claim that trial counsel should have raised the matter of sentence disproportionality to the trial court, thus preserving that issue for appeal – was the cause for the appellate court not having reaching the issue of sentence proportionality on appeal.[78]

So understood as an argument of cause to excuse a presumed procedural default related to that aspect of the ground for relief dealing with claim of sentence disproportionality, it is important to see that the claim for relief asserted here has two

---

[76] ECF # 7 at 11.

[77] *Id*. at 11-12.

[78] *Id.*

-15-

elements:  (1) that a maximum sentence was imposed without considering various factors required by Ohio law, and (2) that a disproportionate sentence was imposed.

The State, as noted, contends that the entirety of the present claim – both the failure to consider the Ohio statutory factors aspect and the element of disproportionality – is procedurally defaulted because the claim was not fairly presented to Ohio courts as a matter of federal law.  However, Logan, who filed his brief prior to the State's return of the writ, does not address the fair presentment argument (which he plainly had not yet seen) but seems to argue that the state appeals court would have reached the merits of the disproportionate sentence element of his claim if his appellate counsel was not ineffective.

Accordingly, it appears that Logan, by the "new" claim in his brief is raising a cause argument to excuse a procedural default that he presumes but which is not claimed by the State.  In other words, Logan's argument is not directly relevant to the State's stated grounds for dismissal.

Nonetheless, in light of the clear teaching that argument by *pro se* litigants are to be liberally construed,[79] I recommend:  (1) ignoring the caption on the purported ground two, and (2) considering this portion of Logan's brief as part of a cause and prejudice argument directed to excusing a presumed procedural default as to the proportionality aspect of ground one.  I do so largely in the interest of thoroughly considering the petitioner's arguments.

---

[79] *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008).

## 2. *Logan's claim of ineffective assistance of appellate counsel could not be cause to excuse the presumed procedural default since the ineffective assistance of appellate counsel argument itself is not exhausted.*

It is well-settled that ineffective assistance of appellate counsel may be sufficient cause to excuse a procedural default grounded on failure to raise an argument on appeal.[80] However, it is equally well-settled that, before such ineffective assistance of appellate counsel can constitute cause, the issue of ineffective assistance must itself be exhausted in state courts.[81]

As this Court found in *Martin v. Miller*,[82] for such ineffective assistance to constitute cause, it must have been presented to Ohio state courts in a timely motion to reopen an appeal under Ohio Rule of Appellate Procedure 26(B).[83] Specifically, as the Ohio Supreme Court has made clear, a Rule 26(B) application "is essential" to a full review of an ineffective assistance of appellate counsel claim.[84] Thus, the Ohio Supreme Court concluded, its denial of jurisdiction in an appeal raising such a claim cannot be *res judicata* for the claim itself, since that would foreclose the substantive review intended by Rule 26(B).[85]

---

[80] *Howard v. Bouchard*, 405 F.3d 459, 478 (6th Cir. 2005).

[81] *Richey v. Mitchell*, 395 F.3d 660, 679 (6th Cir. 2005) (citations omitted).

[82] *Martin v. Miller*, No. 5:09cv2158, 2010 WL 4272616 (N.D. Ohio Oct. 25, 2010) (Gaughan, J.).

[83] *Id.*

[84] *Id.* at *2, quoting *State v. Davis*, 119 Ohio St.3d 422, 427, 894 N.E.2d 1221, 1226 (2008).

[85] *Id.*

Logan, as was the case of the petitioner in *Martin*, raised his ineffective assistance of counsel claim only in the direct appeal to the Ohio Supreme Court and not in a Rule 26(B) application. The Ohio Supreme Court in Logan's case never reached the merits of this argument, but instead declined to accept jurisdiction, dismissing the appeal. As such, Logan's ineffective assistance of appellate counsel argument is not exhausted since he may yet file an untimely Rule 26(B) application in the state appeals court upon a showing of good cause.[86]

Accordingly, because Logan's ineffective assistance of appellate counsel is not exhausted in Ohio courts, that claim could not here excuse trial counsel's presumed procedural default of not raising proportionality arguments during sentencing.

### *3.    Logan has procedurally defaulted his claim in ground one by not presenting this claim to state courts as a matter concerning federal constitutional law.*

As noted by the State, I recommend finding that Logan procedurally defaulted this entire claim by failing to present the claim to Ohio courts as a federal constitutional claim. In particular, a review of Logan's brief to the state appeals court in light of the four tests for fair presentment set forth by the Sixth Circuit in *Blackmon*, and as discussed above, establishes that all his arguments as to his sentence – whether related to statutory factors considered or to proportionality – were advanced purely as state law issues. Logan did not raise any arguments: (1) based on the denial of any specific federal constitutional right; (2) that cited to any federal cases or (3) to state cases employing federal constitutional

---

[86] *Id*.

reasoning; or (4) made with reliance on facts within the mainstream of federal constitutional law.[87]

Thus, I recommend finding that the State's argument of procedural default based on a failure of fair presentment is well-taken.

## Conclusion

For the foregoing reasons, I recommend that the *pro se* petition of Demetreus Logan for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed.

Dated: March 29, 2011                     s/ William H. Baughman, Jr.
                                          United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[88]

---

[87] ECF #8, Attachment at 34-37; *see also*, at 29 (citations to authority page).

[88] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).